UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| EUGENE MERCHANT, | ) |
| | ) |
|        Petitioner | ) |
| | ) |
| v. | ) Civil No. 06-158-B-W |
| | ) |
| WARDEN, MAINE STATE PRISON, | ) |
| | ) |
|        Respondent | ) |

### RECOMMENDED DECISION ON 28 U.S.C. § 2254 PETITION

Eugene Merchant has filed a 28 U.S.C. § 2254 petition seeking federal habeas relief from his conviction in the State of Maine on four counts: one count of gross sexual assault, one count of unlawful sexual conduct, and two counts of kidnapping. The State of Maine has responded with a motion to dismiss (Docket No. 5), arguing that this petition is untimely. Merchant has not filed a reply to the State's motion.

As relevant to Merchant's petition, 28 U.S.C. § 2244(d) provides:

> **(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>     **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> **....**
>  **(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Merchant was sentenced on January 4, 2002. Merchant appealed his conviction to the Maine Law Court and filed an application for leave to appeal his sentences. On July 8, 2002, the Sentence

Review Panel denied Merchant's application for leave to appeal his sentences and on April 1, 2003, the Maine Law Court affirmed Merchant's judgment of conviction.  Merchant did not file a petition for writ of certiorari with the United States Supreme Court; his 90-day period for doing so expired on June 30, 2003.

By that date Merchant had already filed a petition for post-conviction review with the Maine Superior Court: the post-conviction proceeding was opened on May 16, 2003.  That petition was denied on February 17, 2005.  Merchant filed a notice of discretionary appeal on March 2005, which the Maine Law Court rebuffed, denying a certificate of probable cause on July 5, 2005.   This 28 U.S.C. § 2254 petition was signed on December 14, 2006.  On this record there is no question that this § 2254 petition is time-barred.[1]

Because I agree with the State of Maine that Merchant's petition is untimely under 28 U.S.C. § 2244(d), I recommend that the Court **DENY** Merchant 28 U.S.C. § 2254 relief.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

---

[1] Merchant has not attempted to invoke the doctrine of equitable tolling, even after having received the State's motion to dismiss flagging the issue.  With respect to other avenues for statutory tolling, Merchant did file two untimely motions to reduce or correct his sentence and a second state petition for post-conviction review, all of which were denied on procedural grounds and which do not trigger the 28 U.S.C. § 2244(d)(2) tolling provision.  See Pace v. DiGuglielmo, 544 U.S. 408, 413-17 (2005);  Rodriguez v. Spencer, 412 F.3d 29, 37 (1st Cir. 2005); see also Sweet v. Sec'y, Dep't Corr., 467 F.3d 1311 (11th Cir. 2006).

       Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

June 5, 2007.                                    /s/Margaret J. Kravchuk
                                              U.S. Magistrate Judge