UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| EUGENE MERCHANT,<br>      Plaintiff,<br><br>v.<br><br>JEFFREY MERRILL, WARDEN,<br>MAINE STATE PRISON<br>      Defendant. | )<br>)<br>)<br>)   Civil No. 06-158-B-W<br>)<br>)<br>)<br>) |

### ORDER AFFIRMING MAJISTRATE JUDGE'S RECOMMENDED DECISION ON PETITION FOR WRIT OF HABEAS CORPUS

The United States Magistrate Judge filed with the Court on June 5, 2007 her Recommended Decision. The Plaintiff filed his objections to the Recommended Decision on June 13, 2007; the Defendant filed his response to those objections on June 20, 2007. The Plaintiff then filed a Supplemental response to the Defendant's June 20, 2007 response; the Defendant filed his response to the Plaintiff's Supplemental filing on July 5, 2007. I have reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record; I have made a de novo determination of all matters adjudicated by the Magistrate Judge's Recommended Decision; and I concur with the recommendations of the United States Magistrate Judge for the reasons set forth in her Recommended Decision, and determine that no further proceeding is necessary.

Eugene Merchant filed an untimely petition for writ of habeas corpus under 28 U.S.C. § 2254. Mr. Merchant asked to be excused for his untimeliness under a theory of law unavailable to him and emphasized he is not seeking equitable tolling, the only relief potentially available. The Court affirms the magistrate judge's recommended decision and concludes that under any theory, his petition for writ of habeas corpus is untimely.

## I.  STATEMENT OF FACTS

On June 5, 2007, Magistrate Judge Kravchuk issued a Recommended Decision, concluding that Mr. Merchant's petition for writ of habeas corpus is untimely under 28 U.S.C. § 2244(d).  *Recommended Decision* (Docket # 7) (*Rec. Dec.*).  Mr. Merchant objected, claiming that the untimely filing of the habeas petition should be excused under the "cause and prejudice" standard in *Murray v. Carrier*, 477 U.S. 478 (1986) because the delay resulted from his post-conviction attorney, Mr. McBride's miscalculation of the filing deadlines in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).[1]  *Pet'r Resp. to Magistrate's Report and Recommendation* (Docket # 9) (*Pet'r Resp.*).  The State replied, claiming that counsel's mistake is insufficient to invoke the doctrine of equitable tolling and, therefore, excuse the untimely filing.  *Resp't Reply to Pet'r Obj. to the Recommended Decision* (Docket # 11)  (*Resp't Reply*).

In response, Mr. Merchant filed a Request for Leave of Court to File Supplemental Response on the grounds that "the State of Maine has completely misconstrued Petitioner's previous pleading, and has absolutely failed to address the critical law on the issues raised in Petitioner's previous pleading."[2]  *Request for Leave to File Supplemental Response* (Docket # 12) (*Request for Leave*).  In the June 29, 2007 supplemental response, Mr. McBride clarifies that he "is <u>not</u> asking for – and has never once broached the topic of – equitable

---

[1] Mr. McBride filed an affidavit in which he stated that he had been hired by Mr. Merchant's family in April 2006.  *Decl. of Mark McBride* ¶ 6 (Docket # 9-2).  He initially calculated the deadline for filing this petition to be July 6, 2006, but then recalculated the date to be October 6, 2006.  *Id.* ¶ 8-9.  He later erroneously concluded that the applicable deadline would not lapse until "well into 2007."  *Id.* ¶ 8-9.  In early December, 2006, he realized his mistake and, as he did not have local counsel, drafted a petition, which he forwarded to Mr. Merchant, requesting that he file it *pro se*.  *Id.* ¶ 12.  Mr. McBride obtained local counsel in January 2007.  *Id* ¶ 13.  The docket reflects that Mr. Merchant filed the petition on December 18, 2006.  *Pet. for Writ of Habeas Corpus* (Docket # 1) (*Pet.*).  Although Magistrate Judge Kravchuk does not expressly fix the date the petition was due, it appears that it was due by July 5, 2006.  *Rec. Dec.* at 2; *see Mot. to Dismiss* at 4 (Docket # 5); *but see Resp't Reply to Pet'r Supp. Resp.* at 1 ("Merchant's habeas petition . . . was filed more than a year after the AEDPA statute of limitations had expired.") (*Resp't Supp. Reply*).

[2] The Court granted the motion for leave to file supplemental objection and allowed the State ten days to file a supplemental response.  *Order* (Docket # 13).

tolling." *Pet'r Supplemental Response* at 1 (Docket # 12-2) (*Pet'r Supp. Resp.*) (emphasis in original). Rather, he states that "Petitioner's last pleading dealt with the cause and prejudice standard as an exception to excuse a tardy filing." *Id*. He emphasizes that "this is a completely different area of the law . . . ." *Id*. Citing *Murray* and *Strickland v. Washington*, 466 U.S. 468 (1984), Mr. Merchant points out that "where counsel is not just ineffective, but ineffective in terms of *Strickland*, then a late filed pleading will, and should be, considered on the merits." *Id.* at 2.

On July 5, 2007, the State filed a Reply to Petitioner's Supplemental Response. *Resp't Supp. Reply* (Docket # 14). The State explained that the "cause and prejudice" exception to the procedural default doctrine "only pertains to prisoners attempting to invoke federal habeas jurisdiction to excuse failure to comply with *state* procedural rules." *Id.* at 1 (emphasis in original). Noting that Mr. Merchant "ignored a congressionally-mandated *federal* filing deadline," the State contended that "the First Circuit and this Court have repeatedly held that prisoners are only allowed to have late-filed petitions considered on the merits in *extraordinary* circumstances." *Id.* at 2. Further, "[b]oth Courts have also repeatedly recognized that attorney misunderstanding of the law does not constitute extraordinary circumstances." *Id.*

## II. DISCUSSION

The State is correct. As a threshold matter, Mr. Merchant has not satisfied the statute of limitations. The statute of limitations is subject to both statutory and equitable tolling. The statute itself provides that a petitioner is entitled to tolling for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to

3

the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2).[3]  Similarly, the "one-year limitations period in § 2244(d)(1) may be equitably tolled." *Cordle v. Guarino*, 428 F.3d 46, 48 (1st Cir. 2005).  In the First Circuit, however:

> [e]quitable tolling . . . is the exception rather than the rule; resort to its prophylaxis is deemed justified only in extraordinary circumstances.  It is reserved for cases in which circumstances beyond the litigant's control have prevented [her] from promptly filing.

*Id.* at 48.  Recognizing the importance of congressionally-set statutes of limitations, the First Circuit has said: "To preserve the usefulness of statutes of limitations as rules of law, equitable tolling should be invoked only sparingly." *Neverson v. Farquharson*, 366 F.3d 32, 42 (1st Cir. 2004) (citation and quotation marks omitted).

Here, Mr. McBride has strenuously insisted that he is not asking the Court for this singular relief the Court is authorized to provide; although equitable tolling was Mr. Merchant's only available argument, he did not make it, and vehemently denied any suggestion to the contrary.  Even if he had asked for equitable relief, however, the Court would not have granted it because, as the First Circuit has specifically stated, "counsel's errors in calculating the time limits or advising a petitioner of the appropriate filing deadlines do not constitute extraordinary circumstances warranting equitable tolling." *Cordle*, 428 F.3d at 48.  Therefore, any argument for equitable tolling based on Mr. McBride's miscalculation of filing deadlines is unavailing.

Rather, Mr. Merchant argues that his tardy filing should be excused based on the "cause and prejudice" exception to the procedural default doctrine.  The First Circuit has explained the exception:

---

[3] There is no argument that 28 U.S.C. § 2244(d)(1)(B), (C), or (D) applies here.

> In all cases in which a state prisoner has defaulted his federal claims *in state court pursuant to an independent and adequate state procedural rule*, federal habeas review of the claims is barred. The default may be excused, and the bar to federal habeas review removed, only in certain circumstances: where the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Obershaw v. Lanman*, 453 F.3d 56, 67-68 (1st Cir. 2006) (internal punctuation and citation omitted; emphasis supplied). Here, the record suggests that Mr. Merchant's ineffective assistance of counsel was not defaulted in state court. Indeed, because the state chose only to respond on the issue of timeliness and did not address the merits of Mr. Merchant's claim, Mr. Merchant himself has provided the only information on this issue to the Court. His petition states: "The post-conviction proceedings in this matter concerned . . . whether Petitioner was deprived of effective assistance of counsel by his trial attorney . . . ." *Pet.* at 17. By Mr. Merchant's own account, the claim of ineffective assistance of counsel was raised at the state court level and therefore was not procedurally defaulted. Mr. Merchant cannot now launch an argument moored to cause and prejudice – a standard employed to excuse procedurally defaulted claims – when his claim was not procedurally defaulted. The procedural default doctrine simply has no bearing on Mr. Merchant's current argument.[4]

Ultimately, Mr. Merchant is not entitled to relief under any theory of law. The now-lapsed statute of limitations may not be equitably tolled based on counsel's inadvertence; the procedural default doctrine is inapplicable in this context because Mr. Merchant missed a federal statute of limitations, not a state procedural requirement.

---

[4] In the absence of a complete record, it is theoretically possible that Mr. Merchant is arguing a nuanced version of ineffective assistance of counsel not presented in state court. In any event, however, this argument is unpersuasive because the fatal flaw to Mr. Merchant's claim is his failure to satisfy the statute of limitations.

**III. CONCLUSION**

1. It is therefore <u>ORDERED</u> that the Recommended Decision of the Magistrate Judge is hereby <u>AFFIRMED</u>.

2. It is further <u>ORDERED</u> that the Plaintiff's Petition for Writ of Habeas Corpus (Docket # 1) be and hereby is <u>DENIED</u>.[5]

SO ORDERED.

<u>/s/ John A. Woodcock, Jr.</u>
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 7th day of August, 2007

---

[5] On June 18, 2007, local counsel for Mr. Merchant, Steven Juskewitch, filed a Motion for Leave to File on Paper (Docket # 10). Mr. Juskewitch and Mr. McBride have since registered to electronically file documents in accordance with the Court's electronic-filing procedures. The Court DISMISSES the motion as moot.