UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| EUGENE MERCHANT,        )<br>    Plaintiff,        )<br>        )<br>v.        )<br>        )<br>JEFFREY MERRILL, WARDEN,        )<br>MAINE STATE PRISON,        )<br>    Defendant.        ) | Civil No. 06-158-B-W |

**ORDER ON PETITIONER'S MOTION TO RECONSIDER AND
MOTION FOR RELIEF FROM JUDGMENT**

Again proclaiming his actual innocence, Eugene Merchant moves for reconsideration of the Court's Order dated August 7, 2007, denying his petition for writ of habeas corpus. *Pet'rs Mot. to Reconsider and Mot. for Relief from J. Due to Ct.'s Failure to Pass on Merits of Actual Innocence Argument* (Docket # 17) (*Mot. to Recon.*); *Order Affirming Magistrate Judge's Recommended Decision on Pet. for Writ of Habeas Corpus* (Docket # 15) (*Order*). Mr. Merchant tactfully suggests the Court may have overlooked the true gravamen of his petition: that he is actually innocent of the crimes for which he has been convicted and imprisoned. *Mot. to Recon.* at 2. He urges the Court to "do the right thing" and "follow the law" and reach the merits of his earnest assertion that he is not guilty of his 2002 state of Maine convictions for gross sexual assault, unlawful sexual contact, and kidnapping. *Id.* at 3-4 ("Mr. Merchant *is* actually innocent. The Court should reconsider its previous decision and evaluate the merits of that claim.") (emphasis in original).

Although the language of Mr. Merchants' motion evokes a certain emotional appeal, doing the right thing, as he puts it, would be inconsistent with following the law. As the Court's Order explained, Mr. Merchant limited his argument to the "cause and prejudice" exception to

the procedural default doctrine, an argument that was unavailable. *Order* at 5. The one potentially available argument would have been equitable tolling. But, Mr. Merchant himself vociferously denied that he was claiming an equitable tolling, thus eschewing the "singular relief the Court is authorized to provide." *Id.* at 4. Further, the First Circuit has clarified that equitable tolling is not available to remedy counsel's errors in calculating time limits. *Trapp v. Spencer*, 479 F.3d 53, 60-61 (1st Cir. 2007) (listing six factors that may influence a court's decision whether to grant equitable tolling in a habeas case); *Cordle v. Guarino*, 428 F.3d 46, 48 (1st Cir. 2005).

Finally, the First Circuit has stated in dicta that relief under 28 U.S.C. § 2244(d) is not available based on evidence of actual innocence. *David v. Hall,* 318 F.3d 343, 347 (1st Cir. 2003) ("A couple of cases have conjectured that actual innocence might override the one-year limit . . . but to us these dicta are in tension with the statute and are not persuasive") (citations omitted). In any case, Mr. Merchant's assertions simply do not rise to a claim of actual innocence. *See Bousley v. United States*, 523 U.S. 614, 623-24 (1998); *Conley v. United States*, 323 F.3d 7, 14 (1st Cir. 2003); *Gunter v. Maloney*, 291 F.3d 74, 83 (1st Cir. 2002) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

The Court DENIES the Motion for Reconsideration (Docket # 17) and the Motion for Relief from Judgment (Docket # 18).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 17th day of September, 2007